Hubert MURPHY, Appellant,

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and National Life Insurance Company, Appellees.**

Court of Appeals of Kentucky.

Jan. 25, 1985.

Ordered Published March 29, 1985.

Rehearing Denied March 29, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Aug. 28, 1985.

Mark D. Esterle, Cumberland Trace Legal Services, Inc., Bowling Green, for appellant.

R. Hughes Walker, Gen. Counsel, Terry Morrison, Cabinet for Human Resources, Frankfort, for appellee, Kentucky Unemployment Ins. Com'n.

G.D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellee, National Life Ins. Co.

Before HOWARD, LESTER and WHITE, JJ.

WHITE, Judge.

This action is before us to review the Warren Circuit Court's determination that the Kentucky Unemployment Insurance Commission did not err in denying unemployment compensation to appellant Hubert Murphy.

In late 1982 Murphy was employed as a sales agent by the National Life Insurance Company. There is no question that both parties understood that in order for appellant to serve in that position it was necessary that he be licensed, a status achieved after passing a state examination. In December 1982, January 1983, and February 1983 Murphy unsuccessfully attempted to pass the test. It is acknowledged by all that the regulations of the Commissioner of Insurance required a reasonable waiting period before he could be retested.

During this period Murphy had worked under a temporary license authorized under KRS 304.9–300(1)(f). This license, however, was valid only for a period of ninety (90) days [KRS 304.9–300(3)], which time expired March 1, 1983. On March 4, 1983, National Life Insurance Company and Murphy parted ways.

The Examiner for the Division for Unemployment Insurance found that Murphy was discharged for failure to have passed the state insurance examination and that such cause did not disqualify him from unemployment benefits chargeable against National Life's reserve account. Upon appeal the Referee held that Murphy had "severed his employment with the employer by voluntarily leaving without good cause when he failed to meet the condition of continued employment." Such was reasoned upon consideration of the employment relationship as a contractual one, creating the responsibility on appellant of meeting the condition precedent required for continuation, *i.e.* meeting the threshold requirements for licensing. This reasoning was adopted by the full Kentucky Unemployment Insurance Commission and affirmed by the Warren Circuit Court.

Appellant cites us to case law indicating that the taking of a temporary job does not preclude one from subsequently being eligible for unemployment benefits. *Kentucky Unemployment Insurance Commission v. American National Bank & Trust Company*, Ky., 367 S.W.2d 260 (1963). We do not find such precedent to be applicable to the present set of facts. The position offered to Murphy was not a temporary one but rather was envisioned to be continuing and permanent. However, in order to qualify for this job it was required that he reflect certain standards of academic competence. This he failed to achieve.

*Davies v. Mansbach*, Ky., 338 S.W.2d 210 (1960), indicates that an employee may be released should he display conduct indicative of unskillfulness or incompetence. Failure to score a passing mark on the state test designed specifically to measure competence to perform as an insurance agent assuredly is persuasive of one's unskillfulness or incompetence in that line of work, thereby entitling the employer to terminate the employment relationship without liability for unemployment benefits. The Circuit Court did not err in affirming the Commissioner's holding in this matter. That part of the judgment is therefore affirmed.

The other two issues addressed by appellant both here and below were not passed on by the lower court. Therefore, as to those two issues this cause is remanded to the Warren Circuit Court for further consideration and ruling.

All concur.