KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION,
Appellant,

v.

Hubert MURPHY and National Life
Insurance, Appellees.

Court of Appeals of Kentucky.

July 4, 1986.

Discretionary Review Denied by
Supreme Court Sept. 16, 1986.

G. D. Milliken, Jr., Bowling Green, for
Nat. Life Ins.

Mark Esterle, Cumberland Trace Legal
Service, Bowling Green, for Hubert Murphy.

Terry L. Morrison, Candace Shaughnessy, Cabinet for Human Resources, Frankfort, for appellant.

Before GUDGEL, MILLER and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment of the Warren Circuit Court declaring that the appellee Hubert Murphy did not have to repay $980 in unemployment benefits which he had received.

In late 1982, Mr. Murphy was employed as a sales agent by the appellee National Life Insurance Company. It was understood that in order for Mr. Murphy to remain in that position it would be necessary for him to become a licensed agent, a status achieved by passing a state examination. In December 1982, January 1983, and February 1983, Mr. Murphy unsuccessfully attempted to pass the examination. He was then required to wait a period of time before he could take it again. During this waiting period, the temporary license which Mr. Murphy had been working under expired, and he left National Life on March 4, 1983.

The examiner for the Division for Unemployment Insurance of the Department found that Mr. Murphy was discharged for failure to have passed the state insurance examination and that this *did not disqualify* him from unemployment benefits. On appeal, the referee reversed the examiner's decision and held that Mr. Murphy was not entitled to unemployment benefits because

he "had severed his employment with the employer by voluntarily leaving without good cause when he failed to meet the condition of continued employment." The decision was affirmed by the Kentucky Unemployment Insurance Commission, the Warren Circuit Court, and this Court in *Murphy v. Kentucky Unemployment Insurance Commission*, Ky.App., 694 S.W.2d 709 (1985). However, we remanded the case to the Warren Circuit Court because it had not ruled on two other issues raised by Mr. Murphy. These issues were whether Mr. Murphy's due process rights were violated and whether Mr. Murphy was required to pay back the $980 he had received in unemployment benefits prior to the reversal by the referee. The circuit court held that Mr. Murphy's due process rights were not violated, but also held that he did not have to pay back the $980 he had received. The Kentucky Unemployment Insurance Commission then appealed to this Court contending that Mr. Murphy has to repay the $980.

The appellant argues that KRS 341.-415(1) requires that Mr. Murphy repay the money. KRS 341.415(1) states in relevant part that "[a]ny person who has received any sum as benefits under this chapter while any condition for the receipt of such benefits was not fulfilled in his case, or while he was disqualified from receiving benefits, shall ... repay the department for the fund a sum equal to the amount so received by him." Mr. Murphy counters the appellant's argument by citing to another provision of KRS 341.415(1) which states that "[u]nless there has been a false statement, misrepresentation, or concealment of material information, by a recipient of benefits, there shall be no recoupment or recovery of an improperly paid benefit if the benefit was paid as a result of departmental error." The appellant maintains that this provision is not applicable to Mr. Murphy because the benefits were not paid as the result of a "departmental error" as defined by administrative regulation. The regulation to which it refers, 903 KAR 5:250 section 2(2), states that the term "departmental error" shall

not include "[o]verpayments as a result of a reversal of entitlement to benefits in the appeal or review process." Thus, there can be no question that under the regulation Mr. Murphy must repay the benefits paid to him.

The next question, however, is whether the regulation is clearly inconsistent with the statute and, therefore, invalid. *See Hohnke v. Commonwealth*, Ky., 451 S.W.2d 162 (1970). We conclude that it is. The language of KRS 341.415(1) pointed to by the appellee was added to the statute in 1982. *See* 1982 Ky. Acts, ch. 261 § 8. This language clearly manifests a legislative policy that when a claimant has applied for benefits in good faith, not concealing any material information, and the department has awarded him benefits through an erroneous determination of law or fact, the benefits paid are not subject to recoupment. No doubt the reason behind this policy is that an unemployed claimant who innocently receives benefits ought not to be put to the additional hardship of repaying money which most often already will have been expended in good faith to support himself and his family.

The regulation, insofar as it excludes "overpayments as a result of a reversal of entitlement to benefits" from the definition of "departmental error," is nothing more than an administrative attempt to undo what the General Assembly has done. As such, it cannot stand.

The judgment of the Circuit Court is affirmed.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.